### · TOM SANFORD *v.* THE STATE.

1. ASSAULT WITH INTENT TO RAPE.— A conviction for an assault with intent to commit a rape by force is not warranted by proof that the defendant, against the will of the female, indecently fondled her person with the intent to induce her thereby to submit to his embrace. It must appear that his intent was to accomplish his purpose by force and against her will.

2. SAME — FACT CASE.— See evidence *held* insufficient to sustain a conviction for an assault with intent to commit a rape by force.

APPEAL from the District Court of Gregg. Tried below before the Hon. JOHN C. ROBERTSON.

The indictment charged that the appellant, an adult male, did, on December 24, 1881, make an assault on Zona Bean, "a female girl," and did beat, wound and ill-treat her, with intent, against her will and without her consent, to rape and carnally know her. The jury found the appellant guilty as charged in the indictment, and assessed his punishment at confinement in the penitentiary for a term of five years.

Zona Bean, for the State, testified that she was twelve years of age, and lived with her mother in the town of Longview, in a house situated about twelve feet from a public highway. There was no fence around the house, and there were several occupied houses close by; the nearest one being about twenty feet distant. Early in

the day alleged in the indictment, witness's mother went down town, leaving witness and two other children at the house. About eleven o'clock, and while witness was standing at the looking-glass, combing her hair, the defendant came to the house and asked witness to come and sit in his lap. She told him she would not, and then he took her by the arm, pulled her on the lounge, put his hand under her clothes and felt of her naked knee. Witness got up, and was again pulled down by the defendant, who offered her fifty cents, then a dollar, and then a dollar and a half. She refused his offers, and then he put her on the bed and placed his heart to hers. While in this position her clothes were down and he made no attempt to raise them, nor did he unbutton his pants or expose his person. His hands were over her shoulders and resting on the bed. When witness got up from the bed she immediately went out of the house and stood at a fence which enclosed a negro's cabin, about twenty feet distant. Defendant, when she had left the house, soon came and tried to get her back into the house. He offered her a dollar, but she refused to go. He returned to the house and came back two or three times to the witness, and tried to get her into the house again. She continued to refuse, and remained at the fence until her mother came home, which was between eleven and twelve o'clock. When her mother came, witness told her in defendant's presence what he had been doing. He denied it and said it was not so, but witness's mother told him he had better leave; and he said all right and did leave. Defendant had been boarding with them for about a month. The night preceding the defendant's attempt on the witness, she sat in his lap until her mother told her to get up.

S. Camp, for the State, testified that he lived close by the house in which Zona Bean lived, and about noon of the day alleged in the indictment he saw Zona out in the

yard, crying, and observed the defendant go to her and offer her a dollar to go back into the house. She did not go, and the defendant left her and went into the house. People were almost constantly passing by the house along the public road.

Mrs. Bean, the mother of Zona, testified for the State, and corroborated such of the latter's statements as related to what passed after the witness returned home on the day in question.

The defense introduced no evidence.

*Felix McCord*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. The indictment charges the appellant with an assault with intent to rape one Zona Bean, who is alleged to be a *female girl*.

The judge who presided at the trial gave to the jury, among other instructions, the following: "To constitute an assault to commit rape in this case, the purpose and intent must have been to have carnal knowledge of Zona Bean by force. If his intent was to try to accomplish his purpose by coarse, vulgar familiarity, and the same produced shame and disgust, but force to have carnal knowledge was not used or intended, the offense would be an aggravated assault and battery." This was substantially a correct charge and applicable to the facts testified to on the trial. A charge similar in character, though couched in language somewhat variant, was asked by the defendant and refused by the court.

The fourth ground in the motion for a new trial is as follows: "Because the verdict was contrary to the evidence, there being no testimony elicited upon the trial of this cause tending to show that any force was used upon the part of this defendant in attempting to commit the crime with which he is charged in the indictment." The

court overruled the motion for a new trial. (The Reporter will state the inculpatory evidence.) The testimony was not sufficient to show an assault with intent to commit rape, as charged in the indictment. The court erred in refusing a new trial on the fourth ground of the motion, and for this error the judgment must be reversed and a new trial awarded. Other errors complained of need not be noticed for the reason that they are not likely to occur on another trial.

For the error herein set out, the judgment will be reversed and the cause remanded. *Saddler* v. *State, ante,* p. 194.

*Reversed and remanded.*